UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADLEY JOSEPH LAWRENCE SAVOY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-665** |
| **JEFF LANDRY** | **SECTION: "G"(5)** |

## ORDER AND REASONS

In this litigation, *pro se* Plaintiff Bradley Joseph Lawrence Savoy ("Plaintiff") brings claims against the Governor of Louisiana, Jeff Landry, under 42 U.S.C. § 1983.[1] Plaintiff alleges that law enforcement in several Louisiana parishes have beaten and abused him, and Governor Landry failed to take any action to curb said abuse.[2] Currently pending before the Court is Plaintiff's Motion to Recuse.[3]

Plaintiff moves the Court to recuse itself pursuant to 28 U.S.C. § 455 because he asserts that the Judge's impartiality may reasonably be questioned.[4] Plaintiff asserts that recusal is warranted because the Judge has "previously recused herself from a related case involving the New Orleans Police Department."[5] Plaintiff also contends that "[t]he combination of Judge Brown's appointment by President Obama and Defendant Landry's endorsement by President Donald J. Trump—who continues to influence national and state-level politics—creates

---

[1] Rec. Doc. 1.

[2] *Id.*

[3] Rec. Doc. 24.

[4] *Id.* at 1.

[5] *Id.*

1

circumstances where impartiality might reasonably be questioned by any fair observer."[6] For these reasons, Plaintiff asserts the Judge should recuse herself from this matter.

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The goal of section 455(a) is to avoid even the appearance of partiality."[7] "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality."[8] However, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified."[9]

In assessing a motion to recuse under Section 455(a), the Court should be guided "by an independent examination of the facts and circumstances of the particular claim."[10] The Fifth Circuit "has recognized that section 455(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue."[11] "Thus, if a reasonable man, cognizant of the relevant circumstances surrounding a judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality, then the judge should find that section 455(a) requires his

---

[6] *Id.* at 2.

[7] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)

[8] *Trust Co. of Louisiana v. N.N.P.,* 104 F.3d 1478, 1491 (5th Cir. 1997) (citing *United States v. Jordan*, 49 F.3d 152, 155–58 (5th Cir. 1995)).

[9] *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Laird v. Tatum*, 409 U.S. 824, 837 (1972)).

[10] *Republic of Panama v. Am. Tobacco Co. Inc.*, 217 F.3d 343, 346 (5th Cir. 2000) (internal citations omitted).

[11] *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (citing *Jordan*, 49 F.3d at 157).

recusal."[12] "[T]he decision to recuse is committed to the sound discretion of the trial court[;]"[13] however, "[i]f the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal."[14]

Plaintiff suggests that recusal is warranted because the undersigned recused herself from another case involving the New Orleans Police Department. The undersigned Judge previously recused herself from another case filed by Plaintiff, *Savoy v. New Orleans Police Department, et al.*, Case No. 25-660.[15] As explained in that Order, Plaintiff named Tulane Police Department in that case, and the undersigned's spouse was recently appointed to the Tulane University's Board.[16] Because the Board presumably governs the Tulane Police Department, the Court found that it could create an appearance of impropriety within the meaning of 28 U.S.C. § 455(a). Therefore, the Court determined that recusal was warranted in that case.[17]

In this case, the only named defendant is Governor Jeff Landry. Plaintiff alleges that Governor Landry is responsible for alleged constitutional violations committed by police departments in different parishes throughout the State of Louisiana.[18] Plaintiff does not name any parish or municipality police departments in this case, and even if he did, the Court is not aware of any conflict with any individual parish or municipality's police department that would require recusal. As discussed, the only basis for recusal in Case No. 25-660 was the allegations raised

---

[12] *Id.* (internal citations omitted).

[13] *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997).

[14] *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995) (per curiam)).

[15] Case No. 25-660, Rec. Doc. 64.

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 1.

against the Tulane Police Department. Tulane Police Department is not a defendant in this matter. Moreover, the allegations raised in the Complaint do not reference Tulane University or Tulane Police Department. Plaintiff has not demonstrated that there is any basis for recusal in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Recuse[19] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 28th day of August, 2025.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[19] Rec. Doc. 24.