UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADLEY JOSEPH LAWRENCE SAVOY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-665** |
| **JEFF LANDRY** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court are Plaintiff Bradley Joseph Lawrence Savoy's ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[1] Plaintiff filed this *pro se* and *in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983 against the former Attorney General and now Governor of Louisiana, Jeff Landry ("Landry"), in his individual and official capacities.[2] The Magistrate Judge recommended that the Court dismiss the claims against former Attorney General and now Governor Landry in his official capacity without prejudice for lack of subject matter jurisdiction and the claims against Landry in his individual capacity with prejudice as frivolous.[3] Plaintiff objects to the Magistrate Judge's recommendation.[4] Considering the Complaint, the Report and Recommendation, Plaintiff's objections, the record, and the applicable law, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, and dismisses Plaintiff's claims.

---

[1] Rec. Docs. 22, 28.

[2] Rec. Doc. 1.

[3] Rec. Doc. 19.

[4] *Id.*

## I. Background

On April 7, 2025, Plaintiff filed a Complaint in this Court against Landry in his individual and official capacities.[5] Plaintiff alleges that Landry has "a duty to protect the constitutional rights of Louisiana citizens, including Plaintiff . . . when reports of abuse within the state" are lodged by its citizens against law enforcement.[6] Plaintiff alleges that law enforcement in several Louisiana parishes have beaten and abused him, and Landry failed to take any action to curb said abuse.[7] Plaintiff seeks prospective injunctive relief and monetary damages.[8]

On April 14, 2025, Plaintiff's Motion for Leave to Proceed *in forma pauperis* was granted and on July 14, 2025, Plaintiff filed a Motion for Appointment of Counsel.[9] The case was referred to the assigned Magistrate Judge for frivolous review and a recommendation on the Motion to Appoint Attorney, pursuant to 28 U.S.C. § 636 (b) (1) (B) and Local Rule 73.[10]

On August 18, 2025, the Magistrate Judge recommended that Plaintiff's claims against Landry in his official capacity be dismissed without prejudice for lack of subject matter jurisdiction due to sovereign immunity.[11] The Magistrate Judge recommended that Plaintiff's claims against Landry in his individual capacity be dismissed with prejudice as frivolous because Plaintiff failed

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 1-1 at 3.

[7] *Id.* at 2.

[8] *Id.* at 4.

[9] Rec. Doc. 3; Rec. Doc. 9.

[10] Rec. Doc. 14; 28 U.S.C. § 636 (b) (1) (B); LR 73.

[11] Rec. Doc. 19.

to establish that Landry was personally involved in any act that caused the deprivation of Plaintiff's constitutional rights.[12]

## II. Objections to Report and Recommendation

Plaintiff objects to the Report and Recommendation.[13] First, Plaintiff objects to the finding that the claims against Landry are frivolous.[14] Plaintiff contends that the claims are "not frivolous and raise[] issues of constitutional concern."[15] Second, Plaintiff states he "no longer seeks monetary damages against [] Landry."[16] Instead, Plaintiff seeks to modify his request to solely seek injunctive relief.[17] Specifically, Plaintiff requests Landry to "perform fifteen (15) hours of direct community engagement in poverty-struck neighborhoods, specifically engaging with community leaders about strategies to address Louisiana's mental health crisis."[18] Plaintiff argues that sovereign immunity does not bar his claims because he is seeking prospective injunctive relief to prevent ongoing violations of federal rights.[19]

## III.   Standard of Review

### A.    *Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider a complaint and recommend a disposition to the District Judge in accordance with the Magistrate

---

[12] *Id.*

[13] Rec. Docs. 22, 28.

[14] Rec. Doc. 22 at 1.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 28 at 1.

Judge's findings of fact and determinations of law.[20] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[21] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[22] However, a district court's review is limited to plain error of parts of the report not properly objected to.[23]

### B.    Standard for Frivolousness

Proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.[24] "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."[25] The Supreme Court has explained that, "[t]o prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'"[26] "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[27] Courts have a duty to screen initial

---

[20] 28 U.S.C. § 636(b)(1)(B).

[21] Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. §636(b)(1).

[22] Fed. R. Civ. P. 72(b)(3).

[23] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

[24] *Gomez v. U.S.*, 245 F.2d 346, 347 (5th Cir. 1957).

[25] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[26] *Id.* (quoting 28 U.S.C. § 1915(d)).

[27] *Id.* at 327.

filings to independently assess the merits of a complaint filed by a litigant requesting to proceed *in forma pauperis* and to dismiss claims as frivolous that have no arguable basis in law or fact.[28] A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."[29] A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."[30] According to the Fifth Circuit, "[a]n IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(d)."[31] Section 1915(e) further provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines . . . that the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[32]

## IV. Law and Analysis

Plaintiff objects to the Magistrate Judge's recommendation that the claim against Landry in his official capacity be dismissed.[33] "Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity."[34] "This bar also applies to suits like this one 'against state officials or agencies that are effectively suits against a state.'"[35] Under

---

[28] *Id.* at 324–25.

[29] *Id.* at 327.

[30] *Id.*

[31] *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).

[32] 28 U.S.C. § 1915(e)(2).

[33] Rec. Docs. 22, 28.

[34] *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

[35] *Book People, Inc. v. Wong*, 91 F.4th 318, 334 (5th Cir. 2024) (quoting *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019)).

5

the *Ex parte Young* exception to sovereign immunity, "a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law."[36] *Ex parte Young* only permits injunctions against state officials who "have some connection with the enforcement of the act or are specially charged with the duty to enforce the law at issue."[37]

Plaintiff's request for monetary relief against Landry in his official capacity is barred by the Eleventh Amendment, as the State has not waived sovereign immunity.[38] To the extent Plaintiff is seeking prospective injunctive relief against Landry in his official capacity, Plaintiff has not shown that Landry had some connection with the enforcement of an allegedly unconstitutional act. Further, Plaintiff does not allege that Landry has violated a specific statute or state law, other than a general duty to implement the law.[39] "The *Young* principle teaches that it is not merely the general duty to see that the laws of the state are implemented that substantiates the required 'connection,' but the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty."[40] Therefore, Plaintiff has not shown that the *Ex Parte Young* exception is applicable. The official capacity claims against Landry must be dismissed without prejudice for lack of jurisdiction because they are barred by Eleventh Amendment immunity.[41]

---

[36] *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (citing *Ex parte Young*, 209 U.S. 123, (1908)).

[37] *United States v. Abbott*, 85 F.4th 328, 337 (5th Cir. 2023) (internal citations and quotation marks omitted).

[38] Louisiana Revised Statute § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." Accordingly, the Court is without jurisdiction to entertain Plaintiff's claims against Landry for monetary damages in his official capacity.

[39] *See Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (citing *Young*, 209 U.S. at 123).

[40] *Id.*

[41] *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state.").

Similarly, to hold Landry liable in his individual capacity, Plaintiff must show that Landry was "personally involved in the acts causing the deprivation of [Plaintiff's] constitutional rights or that a causal connection exists between an act of [Plaintiff] ... and the alleged constitutional violation."[42] Plaintiff has not alleged that Landry was personally involved in any of alleged violations or that a causal connection exists between Landry and the alleged constitutional violations committed by the individual parish police.

Plaintiff also seeks a stay of this matter pending resolution of the immunity issues and to allow additional time for him to prepare his claims.[43] Considering that Plaintiff's claims must be dismissed, the request for a stay is moot. Finally, Plaintiff has not demonstrated that he is entitled to appointed counsel in this case. A plaintiff in a civil rights case has no right to the automatic appointment of counsel.[44] A district court, in its discretion, may appoint counsel to represent a plaintiff in a Section 1983 proceeding "if doing so would advance the proper administration of justice."[45] Thus, the Court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances.[46] Considering the foregoing, the Court determines that appointment of counsel is not appropriate in this case.

## V. Conclusion

For the reasons stated above, Plaintiff's Section 1983 claim against former Attorney General and now Governor Jeff Landry in his official capacity must be dismissed without prejudice

---

[42] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

[43] Rec. Docs. 20, 21, 30, 31, 33.

[44] *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

[45] *Id.* at 213.

[46] *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).

7

for lack of jurisdiction. Plaintiff's Section 1983 claim against former Attorney General and now Governor Jeff Landry in his individual capacity must be dismissed with prejudice as frivolous. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

**IT IS FURTHER ORDERED** that Plaintiff's claims against former Attorney General and now Governor Jeff Landry in his official capacity are **DISMISSED WITHOUT PREJUDICE** as frivolous, for failing to state a claim upon which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Former Attorney General and now Governor Jeff Landry in his individual capacity are **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Stay[47] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel[48] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  16th  day of October, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT COURT**

---

[47] Rec. Docs. 20, 21, 30, 31, 33.

[48] Rec. Doc. 9.